# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| GLEN M. WATTLEY, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )    **CAUSE NO. 1:08-CV-166** |
| | ) |
| MCNAMARA GREENHOUSE; | ) |
| MCNAMARA, LLC; and MARSH | ) |
| FLOWERS, LLC, | ) |
| | ) |
|     **Defendants.** | ) |

## OPINION AND ORDER DENYING APPROVAL
## OF STIPULATED PROTECTIVE ORDER

The parties seek the Court's approval of a proposed protective order stipulated to by the parties. (*See* Report of Parties' Planning Meeting (Docket # 9) ¶ 3(B), Ex. A.) As the proposed order contains a major defect, it will be DENIED.

The order's definition of "Confidential Information" is impermissibly broad. It seeks to protect "trade secrets and other information that is of a proprietary, business, financial or technical nature and not readily available to competitors, potential competitors or the public, the value of which arises from its secrecy and the disclosure of which . . . is believed in good faith by Defendants to have the potential for causing competitive harm to it or giving a competitive advantage to others." (Proposed Agreed Protective Order ¶ 1.)

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-56 (7th Cir. 1999) (noting that a broad protective order granting carte blanche

discretion to a party is invalid); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Here, with the exception of "trade secrets," the proposed order makes no effort to establish demarcated categories of confidential information.

Furthermore, the vagueness of the definition of "Confidential Information" is compounded by incorporation of the phrase "believed in good faith." (Proposed Protective Order ¶ 2); *see Cincinnati Insurance*, 178 F.3d at 945 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

In addition, the proposed order endeavors to cause documents "containing" confidential information to be filed under seal (*see* Proposed Agreed Protective Order ¶ 3), rather than solely protecting the actual confidential material through redaction. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document); *see generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest

in what goes on at all stages of a judicial proceeding.").

And finally, Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Cincinnati Insurance*, 178 F.3d at 946. However, the protective order submitted by the parties provides no basis for finding good cause because it makes no effort to specify why the materials are confidential. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard*, 2003 WL 1702256, at *1 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Id.* at *2. For these reasons, the Court hereby DENIES approval of the stipulated protective order submitted by the parties. Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

SO ORDERED.

Enter for this 18th day of August, 2008.

> S/ Roger B. Cosbey
> Roger B. Cosbey,
> United States Magistrate Judge